UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-20935-BLOOM/Valle

JOSEPH WIMBLEY,

    Plaintiff,

vs.

DOYON SECURITY SERVICES, LLC
d/b/a DOYON-AKAL JV DETENTION
CENTER SERVICES,

    Defendant.
_____/

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** came before the Court on Defendant Doyon Security Services, LLC's ("Defendant" or "Doyon") Motion to Dismiss (the "Motion", ECF No. [23]) Plaintiff Joseph Wimbley's ("Plaintiff" or "Wimbley") Amended Complaint, ECF No. [21]. The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, the Court **GRANTS** the Motion.

### I. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on January 15, 2014 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Wimbley v. Doyon Security Servs., LLC d/b/a/ Doyon-Akal JV Center Servs.*, Case No. 14-1146 CA, asserting claims against Defendant for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* ("Title VII"), defamation, conversion and a demand for a preliminary and permanent

injunction. *See* ECF No [1-2]. Defendant removed the action to this Court based on original federal question jurisdiction pursuant to 28 U.S.C. § 1331 in respect of Plaintiff's Title VII claim, federal labor law preemption of Plaintiff's common law tort claims pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), and the Court's supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See* ECF No. [1]. Plaintiff filed an Amended Complaint on May 20, 2014, ECF No. [21], which removed all but Plaintiff's Title VII claim. Thereafter, Defendant filed the instant Motion, Plaintiff timely responded, ECF No. [25] (the "Response"), and Defendant timely replied, ECF No. [26] (the "Reply").

## II. MOTION TO DISMISS STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

"On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009); *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. DISCUSSION

Plaintiff alleges that Defendant, Plaintiff's employer, retaliated against Plaintiff. This included demoting Plaintiff, defaming and falsely accusing Plaintiff in an internal personnel report, and confiscating Plaintiff's flash drives containing Plaintiff's personal documents and intellectual property. All acts were due to Plaintiff's connection with an Equal Employment

Opportunity Commission ("EEOC") complaint filed by Plaintiff's co-employee against Defendant, in violation of Title VII's "opposition clause," 42 U.S.C. § 2000e-3. Defendant, in the instant Motion, asserts that Plaintiff has failed to allege facts indicating that Plaintiff opposed Defendant's alleged unlawful employment practice by communicating or disclosing that opposition to Defendant, and has failed to causally connect Plaintiff's protected opposition with his demotion so as to constitute prohibited retaliation under Title VII.

### A.   Plaintiff's Factual Allegations

Defendant is the managing partner of the Doyon/Akal JV, a joint venture with Akal Security, Inc. ("Doyon JV"). ECF No. [1-1] ¶ 2. Doyon JV contracts with Immigration and Customs Enforcement, an agency of the Department of Homeland Security, to provide care, custody and control of the immigration detainees in federal custody at the Krome Service Processing Center in Homestead, Florida. *Id.* ¶ 3. Defendant, at all relevant times, was an employer of more than two hundred employees. Am. Compl. ¶ 5.

Plaintiff was employed by Defendant beginning in October 2008, initially as a Detention Officer, and was eventually promoted by Defendant to the position of Training Manager. *Id.* ¶¶ 6-7.[1]

At some point prior to October 2012, Defendant, according to the Amended Complaint, was determined to discipline and ultimately discharge a co-employee of Plaintiff ("Co-Employee") for permitting students to leave early, presumably from a training program affiliated

---

[1] Plaintiff's Amended Complaint is contradictory as to his initial date of employment. It states that Plaintiff "was employed by Defendant beginning in October 2008," but also that he was employed by Defendant for nine years by the date of the Amended Complaint, in 2014. *Compare* Am. Compl. ¶ 6 and ¶ 11. Defendant, by declaration of one of its employees, offers that Plaintiff was hired by Defendant as a Detention Officer on February 23, 2004 and promoted to Training Officer on August 1, 2008. ECF No. [1-1] ¶ 5. In either case, Plaintiff was employed by Defendant at the times relevant to his Title VII claim.

4

with Defendant's custodial services. *Id*. ¶ 19, pp. 12-13.[2] Co-Employee filed an EEOC complaint against Defendant on the basis that, since the offending practice was commonly allowed, the reasons given for his termination were pretextual, and the real reasons for his termination violated his civil rights. *Id*. ¶ 19. On October 5, 2012, "an email was sent out in which [Plaintiff's] name was listed along with other witnesses on behalf of [Co-Employee's] discrimination complaint." *Id*. p. 9, ¶ 7. Plaintiff alleges that Plaintiff "could support [Co-Employee's] claim that [Co-Employee's] common practice allegations were correct, and this fact was known by the Defendant at least as early as the time that [Plaintiff's] was listed as a witness by [Co-Employee]" in support of Co-Employee's EEOC complaint. *Id*. ¶ 19. Specifically, Plaintiff contends that a Project Manager and Deputy Project Manager at Defendant were "aware of [Co-Employee's] complaint and that [Plaintiff's] name was listed with other witnesses." Id. p. 9.

Prior to being named as a witness in Co-Employee's discrimination complaint, Plaintiff claims never to have received any written or verbal disciplinary actions or complaints during his employment with Defendant. *Id*. ¶ 11.

In a Personnel Action Report completed by Defendant on October 30, 2012, Defendant accused Plaintiff of having violated Defendant's employment policies on October 8, 2012 by selling items to other employees which resulted in "personal gain from company and business opportunities, without prior approval." *Id*. p. 11. The report was completed and signed by the same Project Manager and Deputy Project Manager that Plaintiff contends were aware of his role

---

[2] Copies of Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); Plaintiff's Dismissal and Notice of Rights letter from the EEOC; Defendant's Personnel Action Report for Plaintiff dated November 5, 2012; and a letter rebutting that report written by Plaintiff and dated November 8, 2012, are attached to and incorporated by reference in Plaintiff's Amended Complaint. *See* Am. Compl. pp. 9-13. These documents are referred to by Plaintiff in his Amended Complaint and are integral to the claim alleged therein. *See Wilchombe*, 555 F.3d at 959; *Maxcess*, 433 F.3d at 1340.

in Co-Employee's complaint. *Id*. The accusation resulted in a five day suspension and Plaintiff's demotion, on October 9, 2012, from Training Manager to Detention Officer. *Id*. at pp. 9, 11, ¶ 12. This demotion included a reduction in Plaintiff's hourly wage from $29.45 per hour to $25.08 per hour. *Id*. p. 9. Plaintiff further alleges that Defendant confiscated flash drives containing Plaintiff's personal documents and intellectual property without Plaintiff's knowledge or permission, and returned those flash drives having rendered them unusable. *Id*. ¶ 15. On October 11, 2012, Plaintiff was interviewed by Defendant's attorney. *Id*. p. 9. Plaintiff's suspension was meted out on October 30, 2012. *Id*.

Plaintiff contends not only that Defendant's accusation that Plaintiff violated company policy was false and inaccurate, but that Defendant's accusation and Plaintiff's demotion were intended by Defendant as retaliation for Plaintiff's role in Co-Employee's discrimination complaint. *Id*. ¶¶ 12, 21, 27.

### B. Plaintiff's Title VII Claim

Under Title VII's opposition clause, an employer may not retaliate against an employee because the employee has opposed an unlawful employment practice. *EEOC v. Total Sys. Serv., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000); 42 U.S.C. § 2000e-3(a). The opposition clause provides, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). "A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). The

6

plaintiff "must 'carry the initial burden under the statute of establishing a prima facie case.'" *Brush v. Sears Holdings Corp.*, 466 F. App'x 781, 785-86 (11th Cir. 2012) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

### 1. Plaintiff's Demotion Constitutes an Adverse Employment Action

Taking the second element first, the Eleventh Circuit has defined an adverse employment action – "a serious and material change in the terms, conditions, or privileges of employment," *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis omitted) – to include "termination, failure to hire, or demotion." *Blue v. Dunn Const. Co., Inc.*, 453 F. App'x 881, 884 (11th Cir. 2011) (citing *Crawford v. Carroll*, 529 F.3d at 970). "In the context of an unlawful demotion claim, the plaintiff must show she was assigned 'significantly different responsibilities' or her employer made a decision that 'caused a significant change in benefits.'" *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1203 (11th Cir. 2013) (quoting *Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008)). Plaintiff's complaint plainly alleges, and Defendant admits, that Plaintiff was demoted from Training Manager to Detention Officer, which included a reduction in Plaintiff's hourly wage from $29.45 per hour to $25.08 per hour. Am. Compl. ¶ 12, p. 9; Mtn. at 3. Plaintiff's demotion fits squarely within the definition of an adverse employment action for purposes of the retaliation claim surviving a motion to dismiss.[3] The parties, of course, disagree as to the events and reasons precipitating that action.

---

[3] The Court notes, with respect to the allegedly false and harmful Personnel Action Report prepared by Defendant, that "the Eleventh Circuit has held that 'negative job performance memoranda placed in [an employee's] file' . . . that do not cause any 'economic injury' to the employee does not constitute adverse employment action." *Pelletier v. Reedy Creek Improvement Dist.*, 2007 WL 1192410, at *5 (M.D. Fla. Apr. 23, 2007) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1240 (11th Cir. 2001)).

### 2. Plaintiff Has Stated a Causal Link

To establish a causal connection between participation in a protected activity and adverse employment action, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (quotations omitted). To make this showing, a plaintiff must generally establish "that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id.*; *see also McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008) (plaintiff must show that decisionmaker was aware of protected conduct, and that protected activity and adverse action were not wholly unrelated). Close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to establish a plausible causal connection. *See Saffold v. Special Counsel, Inc.*, 147 F. App'x 949, 950 (11th Cir. 2005) (close temporal proximity creates genuine issue of material fact as to causal connection); *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716-17 (11th Cir. 2002) ("Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated.")

Defendant argues that Plaintiff cannot establish a causal connection between his protected opposition and his adverse employment consequences because Plaintiff met with Defendant's attorney on October 11, 2012, only after the reported October 8, 2012 employment procedures violation and Plaintiff's October 9, 2012 demotion. *See* Mtn. at 5. Of course, antecedent events cannot cause what precedes them. *See*, *e.g.*, *Chapman v. W. Exp., Inc.*, 815 F. Supp. 2d 1274, 1285 (S.D. Ala. 2011) (alleged adverse action occurred after alleged opposition, and collecting cases); *Hawk v. Atlanta Peach Movers, Inc.*, 2011 WL 1533024, at *8 (N.D. Ga. Apr. 21, 2011) (granting summary judgment for employer where EEOC complaint made after

termination). But Defendant misinterprets Plaintiff's alleged conduct in opposition. Plaintiff contends that his role in Co-Employee's discrimination complaint – about which Plaintiff alleges Defendant knew prior to the events of October 8-9, 2012 – constitutes protected opposition under Title VII. *See* Am. Compl. ¶¶ 7, 19, 21. Plaintiff alleges that an email listing him among witnesses supporting Co-Defendant's complaint was sent on October 5, 2012 – clearly before and in close temporal proximity to his demotion on October 9, 2012. *See Id*. p. 9, ¶ 7; *see Saffold*, 147 F. App'x at 950 (11th Cir. 2005); *Shannon*, 292 F.3d at 716-17. Plaintiff further contends that the same Project Manager and Deputy Project Manager involved in the Personnel Action Report and his demotion were aware of his role in Co-Employee's complaint. *See Id*. p. 11. *Cf.*, *e.g.*, *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 930 (11th Cir. 2010) (plaintiff could not establish causal connection because employer decisionmakers who took employment action had no knowledge of plaintiff's alleged opposition) (citing *Crawford v. Carroll*, 529 F.3d at 970).

Accepting as true the facts as alleged in Plaintiff's Amended Complaint, Plaintiff has properly stated a plausible causal connection between Defendant's knowledge of his role in Co-Employee's discrimination complaint and Plaintiff's demotion.

### 3. Plaintiff's Alleged Conduct Does Not Constitute Protected Opposition

For purposes of Plaintiff's retaliation claim, "[e]ngaging in a 'protected activity' involves opposing an employment practice that the employee reasonably believes is illegal under Title VII." *Chandler v. Infinity Ins. Grp.*, 2014 WL 2547826, at *12 (N.D. Ala. June 4, 2014). The Eleventh Circuit has emphasized that the employee's belief "has both a subjective and an objective component: . . . a plaintiff can establish a prima facie case of retaliation under the opposition clause of Title VII if he shows that he had a good faith, reasonable belief that the

employer was engaged in unlawful employment practices [and] . . . that the belief, though perhaps mistaken, was objectively reasonable." *Butler v. Alabama Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (citing *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). But, as required by the explicit language of 42 U.S.C. § 2000e-3(a), to qualify as "protected activity", a plaintiff's opposition must be to a "practice made unlawful by [Title VII]." 42 U.S.C. § 2000e-3(a). That is, the plaintiff must oppose the unlawful practice itself, not some attendant consequence or reaction to that practice. *See Brush*, 466 F. App'x at 786 (plaintiff's reporting of employer's handling of employee discrimination claim did not constitute protected oppositional conduct).

Critically, to successfully pursue a claim under Title VII's opposition clause, a plaintiff must communicate or disclose her opposition to her employer. *See Crawford v. Metro. Gov't of Nashville and Davidson Cty., Tenn.*, 555 U.S. 271, 276 (2009); *Demers v. Adams Homes of Nw. Florida, Inc.*, 321 F. App'x 847, 852 (11th Cir. 2009) ("[T]o engage in protected activity, the employee must still, at the very least, communicate her belief that discrimination is occurring to the employer."); *Thampi v. Manatee Cnty. Bd. of Comm'rs*, 384 F. App'x 983, 990 (11th Cir. 2010) ("Although 'opposition' does not require 'active, consistent behavior' it requires at least the disclosure of an individual's position or opinion on a matter." (quoting *Crawford v. Metro.*, 555 U.S. at 277)); *Pitrolo v. Cnty. of Buncombe, N.C.*, 2009 WL 1010634, at *3 n.6 (4th Cir. Mar. 11, 2009) ("*Crawford* does not extend to cases where employees do not communicate their views to their employers through purposive conduct."). Further, to constitute protected activity, a plaintiff's conduct must specifically oppose the unlawful practice at issue and must be purposive. *See Daughtry v. Family Dollar Stores, Inc.*, 634 F. Supp. 2d 475, 484 (D. Del. 2009) ("[W]hether an employee's 'opposing' conduct is active or passive, it must still be specific in

nature."); *Thompson v. Somervell Cnty., Tex.*, 431 F. App'x 338, 341 (5th Cir. 2011) (purpose of "opposition" must be to "contend against, confront, resist or withstand" some discriminatory practice). "Thus, simply being listed as a witness on an internal complaint form, without actively volunteering to serve as a witness or offering some indication of the nature of the proposed testimony does not constitute 'opposition' under Title VII." *Thampi*, 384 F. App'x at 990.

Plaintiff alleges that he engaged in protected activity, i.e., that he opposed Defendant's unlawful employment practice with respect to Co-Employee and his discrimination complaint against Defendant. In particular, Plaintiff contends that he was listed, along with other potential witnesses, on behalf of Co-Employee's discrimination complaint, that he "could support [Co-Employee's] claim that [Co-Employee's] common practice allegations were correct," and that he would be "willing to tell the truth, if asked to, in the process of the EEOC investigation, claim and lawsuit brought by [Co-Employee]." Am. Compl. ¶¶ 7, 19, 21, p. 9. He further alleges that Defendant knew about his willingness to act as a witness for Co-Employee, and his ability to support Co-Employee's claim, by virtue of his being listed as a witness. *Id*. ¶¶ 7, 19, p. 9. As stated in his Response, "Plaintiff has alleged, by implication, that he was going to give negative information about the Defendant, and helpful to a co-employee, in the co-employee's EEOC complaint, and that all of this was known to the Defendant prior to his harassment and demotion." Resp. ¶ 3. Taking these facts as true and construing them most favorably to Plaintiff, Plaintiff's conduct does not constitute opposition as required to state a claim under Title VII.

In the first instance, it is unclear whether Plaintiff actually opposed a "practice made unlawful by Title VII." He claims that he could and would provide information supporting Co-Employee's discrimination complaint. Even if the Court could infer from the Amended

11

Complaint what exactly was Defendant's discriminatory practice that affected Co-Employee, Plaintiff has not stated how his testimony or information in the follow-up investigation or complaint process would oppose that underlying practice. The Eleventh Circuit's unpublished opinion in *Brush* is instructive on this issue. There, an employee disagreed with the way in which her employer conducted its internal investigation into a separate employee's allegations of workplace discrimination. *See Brush*, 466 F. App'x at 786. The *Brush* court concluded that the plaintiff's conduct did not constitute protected opposition, explaining:

> Although she seeks to predicate her claim for retaliation upon Mrs. Doe's claims of sexual harassment and rape, Brush was neither the aggrieved nor the accused party in the underlying allegations.

*Id*. While *Brush* involved the employer's own investigation, it illustrates that in a successful Title VII opposition claim the plaintiff must oppose a prohibited practice itself.

Here, Plaintiff has not indicated that he actually or functionally opposed the alleged discriminatory practice involved in Co-Employee's complaint. Furthermore, Plaintiff has not alleged that he would have participated as a witness in Co-Employee's case *in order to oppose* Defendant's unlawful practice. *Cf. Thompson*, 431 F. App'x at 341 (opposition must be purposive). Rather, Plaintiff simply alleges that he would have been "willing to tell the truth, if asked to" as part of Co-Employee's discrimination claim.[4] Am. Compl. ¶ 21; *see Rice v. Spinx Co., Inc.*, 2011 WL 7450630, at *5 (D.S.C. Nov. 10, 2011) (no opposition where "plaintiff merely acted in a neutral, rather than oppositional, manner because plaintiff did not undertake any purposive or specific conduct to oppose any unlawful employment practice.").

More important, the fact that Plaintiff's potential role as a supporting witness in Co-Employee's discrimination complaint was known to Defendant does not constitute protected

---

[4] Plaintiff does not even allege that he would have testified about unlawful workplace discrimination – only that the workplace practice allegedly for which Co-Employee was terminated was common. Am. Compl. ¶ 19.

opposition by Plaintiff. Plaintiff, as stated in the Amended Complaint, simply never communicated or disclosed to Defendant his opposition to an unlawful discriminatory practice. *See Demers*, 321 F. App'x at 852 (11th Cir. 2009) (employee must communicate her belief that discrimination is occurring to the employer); *see also Pennamon v. Bishoff*, 2012 WL 3027109, at *7 & n.13 (M.D. Ga. July 24, 2012) (no opposition where plaintiff did not communicate to employer her belief that racial discrimination was occurring); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1323 (N.D. Ga. 2009) (no opposition where plaintiff presented no evidence to show she actually made any complaints to employer regarding any discriminatory treatment); *Sridej v. Brown*, 361 Fed. App'x 31, 35 (11th Cir. 2010) (employee's statements must be about race or gender discrimination to fall within the scope of protected expression); *Peters v. HealthSouth of Dothan, Inc.*, 2013 WL 172998, at *5 (M.D. Ala. Jan. 16, 2013) (no opposition where employee never mentioned racial discrimination in communication to employer).

Here, the Eleventh Circuit's unpublished opinion in *Thampi* is directly on point. In *Thampi*, the plaintiff was listed as a possible witness in a co-employee's internal discrimination complaint. *Thampi*, 384 F. App'x at 986. While agreeing that the plaintiff suffered an adverse employment action, the court in *Thampi* rejected the plaintiff's retaliation claim, holding that "simply being listed as a witness on an internal complaint form, without actively volunteering to serve as a witness or offering some indication of the nature of the proposed testimony does not constitute 'opposition' under Title VII." *Id*. at 990. In contrast, opposition "requires at least the disclosure of an individual's position or opinion on a matter" to the employer. *Id*. (citing *Crawford v. Metro.*, 555 U.S. at 277).

13

Like the plaintiff in *Thampi*, Plaintiff here has not sufficiently alleged that he opposed an unlawful discrimination practice because he has not alleged that he communicated or disclosed his opposition – his belief or opinion that some discrimination was occurring – to Defendant. Simply appearing on a potential witness list regarding an employment discrimination complaint and "being willing to tell the truth, if asked to," however laudable, is conduct insufficient to constitute opposition protected by Title VII. *See Crawford v. Metro.*, 555 U.S. at 276 ("oppose" means "to resist or antagonize; to contend against; to confront; resist; withstand"); *Demers*, 321 F. App'x at 852.

## IV. CONCLUSION

While Plaintiff sufficiently alleges having suffered an adverse employment action and a plausible connection between that action and his role as a potential listed witness in Co-Employee's discrimination complaint, he has failed to allege that he engaged in a protected activity, perhaps the most critical element in the *prima facie* case for prohibited retaliation under 42 U.S.C. § 2000e-3. Construing the Amended Complaint most favorably to Plaintiff, because Plaintiff has failed to allege facts necessarily to render his retaliation claim plausible – namely, that he engaged in conduct which constitutes opposition protected by Title VII – Defendant's motion to dismiss must be granted.

Defendant has requested dismissal of the Amended Complaint with prejudice, and the Court agrees. Plaintiff had and took the opportunity to amend his initial complaint – after Defendant had filed a Rule 12(b)(6) motion and accompanying memorandum of law with respect to Plaintiff's initial complaint. *See* ECF Nos. [6], [14]. Plaintiff has not sought leave of the Court to further amend his Amended Complaint in light of the instant Motion. The Court is not obligated to provide Plaintiff endless bites at the proverbial apple. *See Wagner v. Daewoo*

*Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (Upon dismissal pursuant to Rule 12(b)(6), [a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Defendant Doyon Security Services, LLC's Motion to Dismiss, ECF No. [23] is **GRANTED.**

2. Plaintiff Joseph Wimbley's Amended Complaint, ECF No. [21] is **DISMISSED** with prejudice.

3. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 3rd day of September, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record